FILED
CLERK, U.S. DISTRICT COURT

DEC 22 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

IKEY WILLIAMS,

      Petitioner,

  v.

GEORGE NEOTTI, WARDEN,

      Respondent.

)
)
)
)
)
)
)
)
)
)

No. CV 09-9083 VAP (FFM)

ORDER RE SUMMARY
DISMISSAL OF ACTION WITHOUT
PREJUDICE

Petitioner filed the instant Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") on December 10, 2009. The petition appears to challenge petitioner's September 6, 2001 conviction and sentence for robbery.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the

///

1  exhaustion requirement is to be waived, it must be waived expressly by the State,
2  through counsel. *See* 28 U.S.C. § 2254(b)(3).

3      Exhaustion requires that the prisoner's contentions be fairly presented to
4  the state courts, and be disposed of on the merits by the highest court of the state.
5  *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been
6  fairly presented unless the prisoner has described in the state court proceedings
7  both the operative facts and the federal legal theory on which his claim is based.
8  *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865
9  (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438
10  (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). A federal court may
11  raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that
12  ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992);
13  *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam); *see also*
14  *Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119
15  (1987).

16      Petitioner has the burden of demonstrating that he has exhausted available
17  state remedies. *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982).
18  Here, it plainly appears from the face of the Petition that petitioner cannot meet
19  this burden with respect to any of the claims being alleged by him. Petitioner
20  alleges that he has not raised any of his claims in any petition for review or
21  habeas petition to the California Supreme Court. (*See* Pet. at ¶ 7.)

22      If indeed it were clear that the California Supreme Court would hold that
23  petitioner's unexhausted federal constitutional claims were procedurally barred
24  under state law, then the exhaustion requirement would be satisfied.[1] *See Castille*
25
26  ———————————
27  1  In that event, although the exhaustion impediment to consideration of
petitioner's claims on the merits would be removed, federal habeas review of the
28  claims would still be barred unless petitioner could demonstrate "cause" for the
default and "actual prejudice" as a result of the alleged violation of federal law, or

1    *v. Peoples*, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989);

2    *Johnson v. Zenon*, 88 F.3d at 831; *Jennison v. Goldsmith*, 940 F. 2d 1308, 1312

3    (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court

4    will hold that petitioner's federal constitutional claims are procedurally barred

5    under state law. *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting

6    habeas relief where petitioner claimed sentencing error, even though the alleged

7    sentencing error could have been raised on direct appeal); *People v. Sorensen*,

8    111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental

9    constitutional rights have been violated may be raised by state habeas petition).

10    The Court therefore concludes that this is not an appropriate case for invocation

11    of either exception cited above to the requirement that a petitioner's federal

12    claims must first be fairly presented to and disposed of on the merits by the state's

13    highest court.

14       IT THEREFORE IS ORDERED that this action be summarily dismissed

15    without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases

16    in the United States District Courts.

17       LET JUDGEMENT BE ENTERED ACCORDINGLY.

18

19    DATED: 12/22/09

20                  VIRGINIA A. PHILLIPS

21                  United States District Judge

22    Presented by:

23

24

25    FREDERICK F. MUMM

       United States Magistrate Judge

26

27    demonstrate that failure to consider the claims would result in a "fundamental

28    miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct.
     2546, 115 L. Ed. 2d 640 (1991).